THE STATE OF NEW JERSEY, DEFENDANT-IN-ERROR, v. HELEN DUVEL, ALIAS HELEN BUGAL, ALIAS HATTIE HAGER, PLAINTIFF-IN-ERROR.

Decided August 10, 1926.

Crimes—Larceny—Instructions to Jury After Retirement—Confession Properly Admitted—After Retirement the Jury Communicated a Written Set of Questions for Further Instructions—The Judge Having Left, Directing the Clerk to Receive the Verdict, the Clerk Communicated the Questions to the Judge on the Phone, Received His Reply and Communicated it to the Jury—Held, Reversible Error, Though the Instructions Were Legally Correct and Correctly Transmitted.

On error to the Essex County Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the plaintiff in error, *Frank B. Colton.*

For the defendant in error, *John O. Bigelow.*

PER CURIAM.

The writ of error brings to us for review a judgment of conviction for larceny (shop lifting) entered upon verdict at the Essex Quarter Sessions.

There are only two questions presented. One is that the trial court erred in admitting an alleged confession of the plaintiff in error. We think this is not so, because there was testimony warranting the court in admitting it as competent and such court action will not be disturbed where there is any testimony supporting such ruling.

The other ground urged is, that after the jury had retired to consider its verdict the trial judge left the court room and the court house after first having directed the clerk to take the verdict; subsequently, a communication in writing was received by the clerk from the jury, as follows:

1. Kindly explain what constitutes larceny.

2. Was it necessary for the defendant to have carried the goods off the premises of Hahne & Company to have committed the offense?

The clerk communicated with the trial judge by telephone and was directed by him to answer the inquiry in accordance with answers given to the questions by the judge to the clerk over the telephone, the clerk taking down the answers in writing and by direction of the judge delivering this writing to the jury.

This, with the further statement that the instructions dictated by the judge, were correctly taken down by the clerk and given to the jury, and that such answers were a correct statement of the law, will be found in a memorandum filed by the trial judge upon a subsequent motion for a new trial.

We think that this procedure was so irregular and so likely to be prejudicial to a defendant, and so charged with possibilities of harm and abuse as to require a reversal.

All the authorities seem to require and insist upon judicial acts of this character being done and performed in open court. *State* v. *Doty,* 32 *N. J. L.* 403; *Davis* v. *Township of Delaware,* 41 *Id.* 55; *Folkner* v. *Hopkins,* 2 *N. J. Adv. R.* 1857; *State* v. *Simon,* 3 *N. J. Adv. R.* 522.

There is one case in this court to which our attention has been directed, *Cutler* v. *Ellis,* 1 *N. J. Mis. R.* 228. This was a civil action, and the court found that although the action was "informal and irregular," yet "that ought not to result in setting aside the verdict, when, as appears clearly, the lawful rights of the plaintiffs were not prejudiced thereby."

That the instructions given may have been proper and legally correct, and that they were correctly transmitted by the clerk to the jury, is beside the question, although it is urged that the defendant below suffered no harm. That is impossible for us to say. It may or may not be so. For instance, while the instructions brought forth by the questions may have been correctly given, yet the request therefor, if made in open court, may have called for requests upon the part of the defendant below, for further instructions,

suggested or provoked by the questions propounded by the jury and the instructions given in obedience to the request, and where the action of the trial court was, as here, the defendant below had no such opportunity.

For this reason, therefore, the judgment below is reversed.