LEONARD'S OF PLAINFIELD, INC., PLAINTIFF-RESPOND-
ENT, v. JACK DYBAS, DEFENDANT-APPELLANT.

Submitted October 6, 1942—Decided April 22, 1943.

Before Justices BODINE, HEHER and PERSKIE.

For the appellant, *Eugene A. Liotta.*

For the respondent, *Sidney H. Weintraub* (*David Srager,* of counsel).

The opinion of the court was delivered by

HEHER, J.   Plaintiff sued upon a book account and for goods sold and delivered.   Defendant counter-claimed for damages for deceit respecting the quality and weight of a diamond sold to him by plaintiff.   The issues were submitted to a jury; and there was a verdict for plaintiff.   Defendant appeals from the consequent judgment.

The single point made is that the trial judge "secretly gave instructions to the jury without the presence of the attorney for the defendant or of the defendant."

It is certified in the state of the case settled by the District Court Judge that the jury, in the course of their deliberations, "requested further instructions from the judge;" that the judge thereupon "went into the jury room for the purpose of giving the jury such instructions as requested;" and that "neither counsel was present and neither counsel requested the court to appear before the jury and no exception was taken to the action of the court."   And it was subsequently stipulated by the parties, apparently with the sanction of the court, that, "due to the fact that there is no regular jury room connected with the court room," it was then and had been "the practice" of the court "at the conclusion of a jury trial to exclude all persons" from the court room, "including the clerk and the judge   *   *   *,   and to instruct the jury that said room then is and becomes the jury room for its deliberations, and no person is permitted to enter said room while said jury is engaged in its deliberations;" that, in the course of their deliberations, the jury in the instant case "requested further instructions," and the judge "without

apprising counsel entered the jury room for the purpose of giving such additional instructions;" that "counsel for appellant, who was present in the clerk's office, saw the judge enter the court room, which was then the jury room;" that "after the judge had entered the jury room, counsel requested of the clerk to be allowed to enter the jury room and the clerk did thereupon inform him that he had no right to permit counsel for the appellant to enter said jury room;" that "subsequent thereto the jury announced that it was ready to render a verdict;" and that "no exception was taken in open court by counsel for appellant to this procedure prior to the rendition of the verdict by the jury," but that an exception was prayed after the jury's discharge "to the acts of the court in giving instructions without apprising counsel," although he was in the clerk's office nearby.

In the circumstances, the action thus taken by the trial judge constitutes reversible error in matter of law.

The trial of a cause is not concluded until a verdict has been rendered and the jury discharged. The absence of counsel during the jury's deliberations does not serve to curtail the trial judge's province to give further instructions in open court as the occasion may demand. In contemplation of law, the parties and their counsel are in court until the return of a verdict or the discharge of the jury. *Cook* v. *Green*, 6 *N. J. L.* 109; *Cooper* v. *Morris*, 48 *Id.* 607; *Stewart* v. *Wyoming Cattle Ranche Co.*, 128 *U. S.* 383; 9 *S. Ct.* 101; 32 *L. Ed.* 439; *Cornish* v. *Graff*, 36 *Hun.* 160; *Chapman* v. *Chicago and Northwestern Railway Co.*, 26 *Wis.* 295. And it goes without saying that, if supplementary instructions are deemed necessary, they shall be given only in open court in the presence of the parties and their counsel, if they choose to attend, or after affording them an opportunity to be present. This was a requirement of the common law. The parties must have an occasion to save their exceptions to the directions given the jury, and to interpose requests for such additional instructions as they may deem appropriate in the light of those given. The right of the parties to the cause to be present in person and by counsel at all stages of the trial, except the deliberations of the jury, is basic to due

process. *Cook* v. *Green, supra; Fillippon* v. *Albion Vein Slate Co.,* 250 *U. S.* 76; 39 *S. Ct.* 435; 63 *L. Ed.* 853; *Wheeler* v. *Sweet,* 137 *N. Y.* 435; 33 *N. E. Rep.* 483.

Here, the additional directions were given to the jury in secret. Appellant's counsel was denied admittance to the proceeding. This was a flagrant disregard of a fundamental right. These instructions were not recorded; and so we are unable to appraise them. We therefore have no occasion to determine whether, if free from error, the judicial action thus taken would warrant a reversal of the judgment. It would seem that the determinative is not their validity, but the manner of procedure. It may well be that, if legally sound, appellant would have considered amplification essential. Moreover, sound policy dictates that there be an adherence at all times to the essentials of trial procedure, and that there be no privy communication between the trial judge and the jury concerning the issues submitted for decision. If the validity of the instructions be the criterion, the appellant must needs be put to extraneous proof to demonstrate the commission of error in a private proceeding which is, in fact, "out of court." *Crabtree* v. *Hagenbaugh,* 25 *Ill.* 349. Such procedure "would excite allowable jealousies in both parties, and be such an outrage upon the essential forms of trial by jury, as to vitiate all the proceedings." *Cook* v. *Green, supra.* Here, it would lay upon appellant the *onus* of proving the precise language used in an instruction delivered in secret.

The particular error is exhibited upon the face of the record, and is therefore cognizable on error. *R. S.* 2:32-204 grants an appeal to a party in an action or proceeding in the District Court aggrieved by a "determination or direction * * * in point of law or upon the admission or rejection of evidence;" and *section* 2:32-209 provides that the appeal "shall be in the form of a case agreed on by both parties or their attorneys," and that, if they cannot agree, the judge "shall settle and sign the case." The function of the state of the case is to "set forth how the disputed legal questions arose and how they were disposed of in the court below * * *. It is analogous to the common law bill of exceptions." *Katzin* v. *Jenny,* 74 *N. J. L.* 131. A formal sealed exception is

not requisite, but it is essential that an objection be interposed to a passage in the charge or other ruling deemed erroneous. *Schadel* v. *Honig,* 4 *N. J. Mis. R.* 56; *affirmed,* 103 *N. J. L.* 203; *O'Donnell* v. *Weiler,* 72 *Id.* 142; *Oliphant* v. *Brearley,* 54 *Id.* 521. The primary office of an exception is to direct the attention of the trial judge to the asserted error, so that he may reconsider his ruling and revise it if convinced that the point is well taken, and thus to obviate the injustice flowing from inadvertent error. This is also of the essence of the requirement that there be an objection to an adverse ruling in point of law, if it is to be made the basis of a ground of appeal. *Lowy, Berger, Finger Co.* v. *Bratter,* 84 *Id.* 580; *O'Donnell* v. *Weiler, supra; Kargman* v. *Carlo,* 85 *Id.* 632; *Lyon* v. *Fabricant,* 113 *Id.* 62; *Laure* v. *Singer,* 100 *Id.* 98.

Since appellant was not afforded an opportunity to be present when the instructions were given, he could not interpose an objection to the course thus taken, nor to the substance of the directions; and it would be a plain perversion of this rule of practice to hold that the failure to enter an exception precluded him from remedial action on appeal. The error appears on the face of the record; and the interests of justice demand that it be recognized and corrected. Compare *Wheeler* v. *Sweet, supra; Fillippon* v. *Albion Vein Slate Co., supra.* In the last cited case, it was declared that "the opportunity of afterwards excepting to the instruction and to the manner of giving it" could not be regarded "as equivalent to an opportunity to be present during the proceedings," since it overlooked the essential purpose of an exception.

Judgment reversed, and a new trial awarded; costs to abide the event.