■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERMENEGILDO AVEILLE, Also Known as HERMENEGULGO AVEILLE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered October 23, 1986, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim on appeal, the prosecution adduced legally sufficient evidence from which the jury could reasonably infer that the defendant intended to cause the deceased serious physical injury. The testimony of a disinterested eyewitness established that the defendant, angered by his belief that the 60-year-old deceased had made sexual advances to the defendant's wife, hurled a "boulder" overhand from a distance of approximately 10 feet, striking the deceased in the head. The Medical Examiner testified that the deceased, who lingered in a coma for four months before dying, suffered a fractured skull and brain contusions. Considered together, the size of the projectile (approximately eight inches), the short distance it was thrown, the vital location and the severity of the resulting injuries, and the heated nature of the argument, indicated the force and velocity with

which the rock was thrown and, concomitantly, provided a rational basis for the jury's finding that the defendant intended to cause serious injury to the deceased *(see,* Penal Law § 125.20 [1]; *People v Morales,* 118 AD2d 663; *cf., People v Culpepper,* 109 AD2d 622, *appeal withdrawn* 66 NY2d 614).

In his supplemental *pro se* brief, the defendant argues that reversal of his conviction is required because during jury deliberations and in the absence of the defendant and both counsel, the trial court visited the jury room and informed the jury, in response to their written request, that they were not permitted to read the trial transcript but could have it read back to them by the court reporter. While the court's conduct was improper *(see,* CPL 310.30; *People v Mehmedi,* 69 NY2d 759; *People v Ciaccio,* 47 NY2d 431), the brief communication related only to a minor procedural matter and, thus, did not deprive the defendant of his right to be present at all material stages of his trial *(cf., People v Mehmedi, supra)* and did not prejudice the defendant in any way *(see, People v Parker,* 132 AD2d 629, 630, *lv granted* 70 NY2d 715, *appeal dismissed* 71 NY2d 887; *People v Moore,* 129 AD2d 590, *lv denied* 70 NY2d 651; *People v Moran,* 123 AD2d 646; *see also, People v Payne,* 135 AD2d 746). Accordingly, reversal is not warranted.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review or without merit. Mollen, P. J., Thompson, Kunzeman and Spatt, JJ., concur.