275 N.J. Super. 329 (1994)
646 A.2d 440
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
RODNEY BROWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 14, 1994.
Decided July 1, 1994.
*330 Before Judges MICHELS, SKILLMAN and KESTIN.
Susan L. Reisner, Acting Public Defender, attorney for appellant (Salvatore C. Adamo, Designated Counsel, of counsel and on the brief).
Jeffrey S. Blitz, Atlantic County Prosecutor, attorney for respondent (James F. Smith, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SKILLMAN, J.A.D.
A jury convicted defendant of two counts of armed robbery, in violation of N.J.S.A. 2C:15-1; conspiracy to commit robbery, in violation of N.J.S.A. 2C:5-2; two counts of aggravated assault, in violation of N.J.S.A. 2C:12-1b(4); possession of a weapon for an unlawful purpose, in violation of N.J.S.A. 2C:39-4a; and possession of a handgun without a permit, in violation of N.J.S.A. 2C:39-5b. The court sentenced defendant to concurrent eighteen-year terms of imprisonment, with eight years of parole ineligibility, for his two convictions for armed robbery. The court also imposed a concurrent five-year term of imprisonment for possession of a handgun without a permit. The court merged defendant's convictions *331 for conspiracy, aggravated assault and possession of a weapon for an unlawful purpose into his convictions for armed robbery.
The trial judge's handling of a question from the jury gives rise to the only troublesome issue presented by this appeal. Shortly after it began deliberating, the jury sent a note to the judge which read:
Officer Flipping account of weapon recovery over car radio. Manjit Singh re: one or two people going into Chamberlain's pockets.
After reading this note into the record, the judge commented:
Candidly, I don't understand what they want. I certainly have an idea that perhaps they want the testimony read over, but I don't know.
However, instead of following the normal procedure of bringing the jury into the courtroom in order to resolve this uncertainty, the judge proposed as an alternative that, if counsel did not object, he would "go to the jury room and candidly ask and report back to the two of you on the record." In the absence of any objection to this proposed procedure, the judge proceeded to enter the jury room outside the presence of counsel and defendant and without a court reporter to record his colloquy with the jury. After the judge emerged from the jury room, he advised counsel that the jury did indeed desire to hear a readback of certain testimony. The judge also indicated that while he was in the jury room the foreperson had asked him an additional question not encompassed by the jury's original note. The judge again expressed some uncertainty as to what information the jury was seeking, and this time he brought the jury back into the courtroom and interrogated the foreperson regarding all three of the jury's questions. Within a short time after hearing the judge's responses to its questions, the jury returned its verdict.
A judge should avoid engaging in any ex parte communications with the jury regarding its deliberations. The Supreme Court of the United States has described some of the dangers inherent in such communications in condemning a federal district court judge's ex parte discussions with the foreman of a deliberating jury:

*332 Any ex parte meeting or communication between the judge and the foreman of a deliberating jury is pregnant with possibilities for error.... [E]ven an experienced trial judge cannot be certain to avoid all the pitfalls inherent in such an enterprise. First, it is difficult to contain, much less to anticipate, the direction the conversation will take at such a meeting. Unexpected questions or comments can generate unintended and misleading impressions of the judge's subjective personal views which have no place in his instruction to the jury  all the more so when counsel are not present to challenge the statements. Second, any occasion which leads to communication with the whole jury panel through one juror inevitably risks innocent misstatements of the law and misinterpretations despite the undisputed good faith of the participants.
[United States v. United States Gypsum Co., 438 U.S. 422, 460-61, 98 S.Ct. 2864, 2885, 57 L.Ed.2d 854, 884 (1978).]
Recognizing these dangers, our courts have directed that "if supplementary instructions are deemed necessary, they shall be given only in open court in the presence of the parties and their counsel, if they choose to attend, or after affording them an opportunity to be present." Leonard's of Plainfield, Inc. v. Dybas, 130 N.J.L. 135, 137, 31 A.2d 496 (Sup.Ct. 1943); accord Guzzi v. Jersey Central Power & Light Co., 36 N.J. Super. 255, 264, 115 A.2d 629 (App.Div.), certif. denied, 19 N.J. 339, 117 A.2d 52 (1955); see also State v. Auld, 2 N.J. 426, 431-32, 67 A.2d 175 (1949); State v. Duvel, 4 N.J. Misc. 719, 134 A. 283 (Sup.Ct. 1926), aff'd o.b., 103 N.J.L. 715, 137 A. 718 (E. & A. 1927). Indeed, the dangers of any ex parte communications between the trial judge and the jury regarding its deliberations are so great that the judge should not seek the consent of counsel to such a procedure under any circumstances. See R. 1:2-1; cf. United States v. United States Gypsum Co., supra, 438 U.S. at 460-62, 98 S.Ct. at 2885-86, 57 L.Ed.2d at 884-85.
However, the trial judge's improper entry into the jury room does not automatically require the reversal of defendant's convictions. While some of the earlier cases in this State seem to indicate that a judge's entry into the jury room during deliberations should be treated as per se reversible error, see, e.g., Leonard's of Plainfield, Inc. v. Dybas, supra, 130 N.J.L. at 138, 31 A.2d 496, our more recent cases indicate that a jury verdict should not be disturbed if it can be shown that the judge's ex parte *333 communications with the jury were not prejudicial. See State v. Auld, supra, 2 N.J. at 432, 67 A.2d 175 ("[I]f the record shows affirmatively that the communication had no tendency to influence the verdict the judge's impropriety in communicating with the jury out of the presence of the defendant does not require a reversal.") (quoting La Guardia v. State, 190 Md. 450, 58 A.2d 913, 917 (1948)); see also State v. Vergilio, 261 N.J. Super. 648, 653, 619 A.2d 671 (App.Div.), certif. denied, 133 N.J. 443, 627 A.2d 1147 (1993); Guzzi v. Jersey Central Power & Light Co., supra, 36 N.J. Super. at 264-65, 115 A.2d 629. Similarly, in Rushen v. Spain, 464 U.S. 114, 118-19, 104 S.Ct. 453, 456, 78 L.Ed.2d 267, 273 (1983), the Supreme Court of the United States stated that "[t]he lower federal courts' conclusion that an unrecorded ex parte communication between trial judge and juror can never be harmless error ignores [the] day-to-day realities of courtroom life and undermines society's interest in the administration of criminal justice." Although some state courts have taken the position that any unrecorded intrusion of a judge into the jury room is per se reversible error, see State v. Hilliard, 133 Ariz. 364, 651 P.2d 892, 897-98 (Ct.App. 1982) (listing cases), most jurisdictions employ a harmless error analysis in determining whether such judicial misconduct requires the reversal of a conviction. See, e.g., United States v. McDonald, 933 F.2d 1519, 1523-25 (10th Cir.), cert. denied, ___ U.S. ___, 112 S.Ct. 270, 116 L.Ed.2d 222 (1991); McKinney v. State, 629 So.2d 807, 808 (Ala. Crim. App. 1993); People v. Delgado, 5 Cal.4th 312, 19 Cal. Rptr.2d 529, 540-41, 851 P.2d 811, 822-23 (1993); State v. Estrada, 69 Haw. 204, 738 P.2d 812, 827-28 (1987); Crease v. State, 252 Kan. 326, 845 P.2d 27, 30-35 (1993); People v. France, 436 Mich. 138, 461 N.W.2d 621, 631 (1990); State v. Petrich, 494 N.W.2d 298 (Minn. Ct. App. 1992); People v. Aveille, 148 A.D.2d 461, 538 N.Y.S.2d 615, 616-17, appeal denied, 74 N.Y.2d 736, 545 N.Y.S.2d 110, 543 N.E.2d 753 (1989); State v. Burton, 112 Wis.2d 560, 334 N.W.2d 263, 265-68 (1983); see generally John P. Ludington, Annotation, Postretirement Out-of-Court Communications Between Jurors and Trial *334 Judges as Grounds for New Trial or Reversal in Criminal Case, 43 A.L.R.4th 410, 543-63 (1986).
The record in this case shows that the trial judge's ex parte communication with the jury had no capacity to prejudice defendant. The sole purpose of the judge's ex parte communication was to clarify the meaning of two jury questions. Moreover, the judge's summarization of that communication, given in open court in front of the jury, counsel and also apparently defendant, confirmed that his communication had been thus limited. Consequently, the record affirmatively shows that the judge's ex parte communication with the jury did not include any supplemental instructions regarding the applicable law, the facts of the case or the jury's responsibilities, but was instead confined to clarification of the jury's prior questions. Furthermore, our courts are loathe to find plain error in a trial procedure to which defense counsel has expressly consented. State v. Corsaro, 107 N.J. 339, 345, 526 A.2d 1046 (1987) ("Trial errors which were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal...."); (quoting State v. Harper, 128 N.J. Super. 270, 277, 319 A.2d 771 (App.Div.), certif. denied, 65 N.J. 574, 325 A.2d 708 (1974)); see also United States v. Aimone, 715 F.2d 822, 829-30 (3d Cir.1983). Therefore, although the judge's discussion with the jury should have been held in open court, on the record and in the presence of both counsel and defendant, we are unable to conclude under all the circumstances of this case that this discussion had a clear capacity to produce an unjust result. R. 2:10-2; see People v. Knighten, 105 Cal. App.3d 128, 164 Cal. Rptr. 96 (1980).
Defendant also argues that his pretrial statement to the police should have been suppressed because he was not advised of his Miranda rights, that the jury's verdict was against the weight of the evidence and that his sentence was excessive. These arguments are clearly without merit and do not require discussion. R. 2:11-3(e)(2).
Affirmed.