827 A.2d 346 (2003)
362 N.J. Super. 180
STATE of New Jersey, Plaintiff-Respondent,
v.
Curtis BROWN, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted March 5, 2003.
Decided July 21, 2003.
*347 Yvonne Smith Segars, Public Defender, attorney for appellant (Charles H. Landesman, Designated Counsel, of counsel and on the brief).
Peter C. Harvey, Acting Attorney General, attorney for respondent (Catherine A. Foddai, Deputy Attorney General, of counsel and on the brief).
Before Judge KING, WECKER and LISA.
The opinion of the court was delivered by LISA, J.A.D.
During deliberations in this criminal trial, the jurors requested a readback of the victim's testimony. Over defense objection, the judge directed that the readback occur in the jury deliberation room, unsupervised by the judge, and out of the presence of defendant. Both counsel were permitted to be present. After the readback, defendant's mistrial motion was denied, as was his later motion for a new trial. We hold that the readback of testimony is part of the trial and a critical stage of the criminal proceedings, that defendant has the right to be present, and that the procedure must be conducted in open court, on the record, and under the supervision of the trial judge. We reverse and remand for a new trial.
The twelve-count indictment charged defendant with first-degree kidnapping, N.J.S.A. 2C:13-1b(1)(2) (count one); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2a (counts two, three, four and five); second-degree sexual assault, *348 N.J.S.A. 2C:14-2c(1) (counts six and seven); third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3a and -2a(3) (counts eight and nine); fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3b and -2c (count ten); third-degree possession of a weapon, a knife, with the purpose to use it unlawfully, N.J.S.A. 2C:39-4d (count eleven); and fourth-degree possession of a knife under circumstances not manifestly appropriate for its lawful use, N.J.S.A. 2C:39-5d (count twelve). The jury found the defendant guilty of counts six, ten and twelve, and not guilty of the remaining counts. The judge sentenced defendant to consecutive prison terms of eight years on count six, fifteen months on count ten and fifteen months on count twelve. Defendant was also ordered to undergo community supervision for life and to comply with the registration requirements of Megan's Law. Appropriate mandatory monetary assessments were imposed.
Because of the basis for our decision, only a very brief summary of the facts is needed. The events underlying all of the charges are alleged to have occurred on a single date, May 27, 1998, over the course of about ten hours. They all pertain to a single victim, L.R., a sixteen year old female. Defendant was thirty-one years old. Defendant and L.R. had been friends for about four years. They went to defendant's home consensually. Over the ensuing hours they engaged in sexual activity. According to defendant, the activity was consensual. According to L.R., defendant threatened her with a knife, held her against her will, and forcibly raped her.
Defendant raises these arguments on appeal:
POINT I
DEFENDANT'S CONSTITUTIONAL RIGHT TO BE PRESENT AT HIS TRIAL WAS VIOLATED WHEN THE COURT PERMITTED A READBACK OF L.R.'S TESTIMONY TO THE JURY IN THE JURY ROOM AS OPPOSED TO DOING SO IN OPEN COURT. DEFENDANT'S MOTION FOR A MISTRIAL SHOULD HAVE BEEN GRANTED.
POINT II
THE VERDICT OF THE JURY WAS AGAINST THE WEIGHT OF THE EVIDENCE.
POINT III
PREJUDICIAL ERROR WAS COMMITTED BY THE TRIAL JUDGE WHEN IN RESPONSE TO A QUESTION FROM THE JURY AS TO COUNT TEN OF THE INDICTMENT, THE COURT SAID THAT THIS COUNT INCLUDES BOTH KISSING AND TOUCHING THE BREASTS.
POINT IV
THE COURT'S INSTRUCTIONS TO THE JURY WERE ERRONEOUS WITH RESPECT TO THE CRIME OF SEXUAL ASSAULT (COUNT SIX) WHEN IT SAID THAT THE VICTIM HAD NO BURDEN TO EXPRESS NONCONSENT OR DENY PERMISSION. (Not Raised Below).
POINT V
PREJUDICIAL ERROR OCCURRED WHEN THE TRIAL JUDGE DENIED DEFENDANT'S MOTION FOR A N.J.R.E. 104(a) HEARING PRIOR TO THE TESTIMONY OF C.R.
POINT VI
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED CONSECUTIVE SENTENCES UPON THE DEFENDANT.
We reverse based on Point I. The errors alleged in Points II, III, IV and V lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and, with *349 respect to Point VI, we find no impropriety in the imposition of consecutive sentences, State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied, 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986).
The case was tried over several days. After a full day of deliberations, the jury requested a readback of testimony. The jury was brought into the courtroom with defendant and both counsel present. The foreperson informed the judge that the jury wanted to have the testimony of L.R. read back. The judge directed that the court reporter go into the jury deliberation room with the twelve deliberating jurors and the two alternate jurors and read back L.R.'s testimony. The jury left the courtroom.
Defense counsel objected to the procedure directed by the judge and requested that the readback be conducted in open court. The judge denied the request. Defense counsel then requested that he and his client be allowed to go into the jury deliberation room during the readback. The judge permitted defendant's attorney to be present, as a "courtesy," but denied the request that defendant be present. Because defense counsel was going to be there, the prosecutor decided "I feel I need to be there too."
The judge stated, "I'm going to go back there and simply instruct them that they are to listen to the readback. If they wish, they can make notes, but they shouldn't discuss it among themselves because both of you will be there." After the readback, defense counsel moved for a mistrial because the readback proceeding was not recorded, defendant and the public were barred, the judge was not present, and counsel believed a portion of the transcript was read inaccurately.
The judge denied the mistrial motion. She stated "[t]he court reporter is a sworn official of the State of New Jersey and the Court is entitled to ask her to go back there and do it. There is no requirement that anybody be there." The judge stated that the court reporter told her she read back the testimony according to the certified transcript. The transcript bears the notation: "(Whereupon, the readback of [L.R.]'s testimony took place in the jury room in the presence of [the prosecutor] and [defense counsel])." This notation satisfied the record requirement as prescribed by the Transcript Format for Judicial Proceedings, New Jersey Judiciary, Prepared by Reporting Services, Appellate Division, (November 1, 1995), 15-16.[1] The judge reasoned that "a readback is not part of a trial technically" and "[t]here is no absolute right [for defendant] to be present during a readback." We do not agree.
Several pitfalls are readily apparent in a proceeding such as this. The judge apparently engaged in an ex parte, off-the-record communication with the jurors when she went into the deliberation room and explained the ground rules. This is a prohibited practice. State v. Brown, 275 N.J.Super. 329, 331-32, 646 A.2d 440 (App.Div.), certif. denied, 138 N.J. 269, 649 A.2d 1289 (1994).
The judge stated on the record that she would advise the jurors they could take notes during the readback. Rule 1:8-8(b) provides:
Juror Note-taking. Prior to opening statements, the attorneys or any party may request that the jury be permitted to take notes during the trial or portion thereof, including opening and closing statements. If the court determines to *350 permit note-taking after all parties have had an opportunity to be heard, it shall provide the jurors with note-taking materials and shall take such steps as will ensure the security and confidentiality of each juror's notes.
The requirement of the first sentence did not occur in this trial. Indeed, in her preliminary jury instructions, prior to openings by counsel, the judge expressly informed the jurors they were not permitted to take notes during the trial. She stated, "Experience has shown that note taking is distracting and it's better to depend upon the combined recollection of all of you rather than on partial notes taken by a few of you."
Because the judge's communication with the jury was off the record, compliance with the second sentence of the rule cannot be determined. Further, although no objection was made on this basis, in a trial where the victim's credibility and defendants's were squarely at odds, note-taking only of the victim's testimony would have the capacity to overemphasize her testimony. Finally, we are uninformed whether the judge, in her unrecorded communication with the jurors, instructed them regarding note-taking in accordance with State v. Jumpp, 261 N.J.Super. 514, 527-28, 619 A.2d 602 (App.Div.), certif. denied, 134 N.J. 474, 634 A.2d 522 (1993). See Model Jury Charges, Criminal, Note Taking By Jurors (Instructions after Jury is Sworn, Approved 9/14/98);[2]Note-Taking By Jurors (Instructions: Post-Evidence, Approved 9/14/98).[3]
Our Supreme Court has admonished: "It goes without saying that every readback and the exchanges accompanying it must be recorded in full." State v. Wilson, 165 N.J. 657, 662, 762 A.2d 647 (2000) (citing Eden v. Conrail, 175 N.J.Super. 263, [270-72], 418 A.2d 278 (App.Div. 1980), aff'd, 87 N.J. 467, 435 A.2d 556 (1981)). See also R. 1:2-2 (requiring generally that all "proceedings in court" be recorded verbatim). As we have stated, the record requirement with respect to the testimony that is read back is satisfied by the appropriate transcript notation, which serves to certify that the portion noted was read back from the official stenographic notes. However, any comments by counsel, the jurors or anyone else (including the judge) must be recorded. The transcript *351 in this case reflects no comments whatsoever. Because the proceeding was conducted in an informal setting, and not in the formal courtroom setting where proceedings are "on-the-record" with the judge presiding, we cannot be confident that the silent transcript accurately reflects that nothing was said by anyone during the readback procedure, or immediately before or after it. The requirement to record readback proceedings assures their accuracy and preserves a record for review. Indeed, in this case, there is an allegation of inaccuracy, which counsel was unable to contemporaneously assert because no judge was presiding. Had a judge been present, the issue could have been addressed and resolved at a sidebar conference.
During the course of readbacks, events commonly occur which require the presence of a presiding judge. The jurors (or some of them) might interrupt and say they heard the portion of the testimony they were interested in and do not want to hear more. See, e.g., State v. Wilson, supra, 165 N.J. at 661-62, 762 A.2d 647. Who decides what to do? Jurors sometimes gesture towards each other, demonstrate their thoughts with facial expressions, or start talking among themselves upon hearing certain portions of the testimony. This could be distracting to other jurors or may constitute deliberations in the presence of individuals other than the duly constituted jury. The court reporter might inadvertently begin to read a sidebar discussion. None of these things are alleged to have happened here. We mention them as illustrations of events that can occur, even when everyone involved is acting with good intentions. It is also essential that the court reporter read the testimony in a clear and neutral manner. Therefore, we view it as essential that the judge be present during the entire procedure in order to supervise, monitor and control it and make any rulings that might be required.
The State argues that the readback of testimony is not a "critical stage" of the trial, the defendant therefore does not have the constitutional right to be present, and the trial judge did not abuse her discretion in barring defendant from the procedure. The State recognizes, of course, that criminal defendants have the right to be present at all critical stages of the trial, Rushen v. Spain, 464 U.S. 114, 117, 104 S.Ct. 453, 455, 78 L.Ed.2d 267, 272 (1983), and notes that the United States Supreme Court has not had occasion to rule on whether a readback of testimony is a critical stage, La Crosse v. Kernan, 244 F.3d 702, 708 (9th Cir.2001).
The State relies on decisions from other jurisdictions which have sided with its position and urges us to adopt that rule. These courts take the view that a readback is a sterile event, at which the jury's attention is directed at an absent witness' testimony which the jury has previously heard, and the defendant's absence does not impinge upon his ability to defend himself. See People v. Ayala, 23 Cal.4th 225, 96 Cal.Rptr.2d 682, 1 P.3d 3, 42 (2000), cert. denied, 532 U.S. 908, 121 S.Ct. 1235, 149 L.Ed.2d 143 (2001); People v. Horton, 11 Cal.4th 1068, 47 Cal.Rptr.2d 516, 906 P.2d 478, 511-12 (1995), cert. denied, 519 U.S. 815, 117 S.Ct. 63, 136 L.Ed.2d 25 (1996); People v. White, 144 Mich.App. 698, 376 N.W.2d 184, 187 (1985); Harris v. United States, 489 A.2d 464, 468 (D.C.Ct.App. 1985).
Other courts have taken a broader view and determined that a defendant has the right to be present at all proceedings during the entire trial, or that any time the jury is required to be present the defendant has the right to be present. See Bales v. State, 275 Ind. 515, 418 N.E.2d *352 215, 218 (1981); Cape v. State, 272 Ind. 609, 400 N.E.2d 161, 162-63 (1980); People v. Harris, 76 N.Y.2d 810, 559 N.Y.S.2d 966, 559 N.E.2d 660, 662 (1990); Hill v. State, 615 N.W.2d 135, 139 (N.D.2000).
We subscribe to the broader view. Although a readback introduces no new matter into the trial, we have no doubt that it is a part of the trial. We note that our court rules require defendant's presence "at every stage of the trial." R. 3:16(b). The readback is obviously critical to the jurors' deliberations. It is furnishing them with information they need to decide the case. That the procedure is conducted accurately and fairly is critical to the parties, including the defendant. The defendant has the right to be present to assure that the procedure is correctly conducted. We have discussed some of the potential risks of impropriety in such proceedings. No countervailing reason whatsoever is suggested that would militate against permitting defendant's presence.
Likewise, for the reasons we have expressed, the procedure must be conducted in open court, on the record, and under the supervision of the presiding judge. These requirements assure the defendant of a fair trial, of his right to be present at all critical stages of the trial, and of his right to a public trial. They also will establish a record for review and preserve the integrity of the criminal justice system.
In State v. Cuccio, 350 N.J.Super. 248, 794 A.2d 880 (App.Div.), certif. denied, 174 N.J. 43, 803 A.2d 638 (2002), we held that barring the public, including members of the defendant's and victim's family, from the courtroom during the jury selection process, without compelling justification, constituted a violation of the defendant's right to a public trial, in violation of the Sixth Amendment to the Constitution of the United States and article 1, paragraph 10 of the New Jersey Constitution. Id. at 258-69, 794 A.2d 880. Because the error is "structural error" affecting the "framework within which the trial proceeds," id. at 261, 794 A.2d 880 (citing Neder v. United States, 527 U.S. 1, 8, 119 S.Ct. 1827, 1833, 144 L.Ed.2d 35, 46 (1999); Arizona v. Fulminante, 499 U.S. 279, 310, 111 S.Ct. 1246, 1265, 113 L.Ed.2d 302, 331 (1991)), reversal was required without the need for a showing by defendant of specific prejudice. Id. at 265, 794 A.2d 880.
This rationale applies with even greater force here. Defendant was not only denied a public trial, he was denied the right to be present at his trial. These deprivations are further compounded by the improprieties of lack of supervision by the trial judge and lack of recordation. The judgment of conviction is vacated, and the matter is remanded for a new trial. Of course, defendant can be retried only for those charges of which he was convicted. Id. at 269, 794 A.2d 880.
Reversed and remanded.
(Instructions after Jury is Sworn)
(Instructions: Post-Evidence)
NOTES
[1] The authority to develop a transcript format and its application is delegated to the Administrative Office of the Courts by N.J.S.A. 2B:7-4a and Rule 2:5-3(e).
[2] NOTE-TAKING BY JURORS

(We have provided each of you with a pad and pencil.) During the course of this trial you will be permitted to take notes if you feel this would help you. I emphasize that you are permitted, not required, to take notes. What you do or do not write down is a strictly personal matter with each individual juror. No one else will have a right to see your notes at any time. [The court should discuss the steps that will be taken to ensure the security and confidentiality of each juror's notes.]
The notes of a juror are not evidence. Notes may be used to refresh your recollection, not to replace it. It is important that each of you pay attention to all of the testimony. When a witness is on the stand, do not allow yourself to be distracted by your own note-taking or that of a fellow juror. Your understanding and recollection of the evidence will be more significant than a note.
[3] NOTE-TAKING BY JURORS

You are to resolve the factual disputes in this case based upon the evidence presented, which consists of the testimony of witnesses and any exhibits which have been admitted as evidence.
You have been permitted to make notes during the course of this trial. But as I told you before we started, these notes are not evidence. You may use the notes during your deliberations to help you to recall the testimony. However, do not overemphasize the significance of a written note made by yourself or by a fellow juror. It is your recollection, not the note, which should control. If your memory differs, you should rely on your recollection.