864 A.2d 433

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. FRANCIS R. VALENTINE, JR., DEFENDANT–
APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted December 8, 2004—Decided January 14, 2005.

Before Judges FALL, PAYNE and C.S. FISHER.

*Thomas J. Buck,* attorney for appellant.

*Bruce J. Kaplan,* Middlesex County Prosecutor, attorney for respondent (*Simon Louis Rosenbach,* Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FISHER, J.A.D.

Defendant seeks reversal of his conviction of simple assault because the private attorney who prosecuted the case in municipal court failed to file a certification, required by *R.* 7:8–7(b), that would address the concerns expressed in *State v. Storm,* 141 *N.J.* 245, 661 *A.*2d 790 (1995), thus precluding the municipal judge from determining whether there was "good cause" for the private prosecution. We reject the State's argument that defendant's failure to show he was prejudiced may excuse this structural defect in the municipal proceedings, and reverse.

I

Defendant was charged in Edison Municipal Court with a simple assault, in violation of *N.J.S.A.* 2C:12–1(a)(1), arising from a domestic dispute. The municipal prosecutor apparently declined to prosecute the matter. As a result, a private attorney, retained by the alleged victim of the assault, represented the State at trial. Defendant was convicted, and a $750 fine and other penalties were imposed. Defendant appealed to the Law Division which, on de novo review, also convicted defendant and imposed the same penalties. Defendant thereafter appealed to this court, arguing:

I. THE CONVICTION VIOLATES [*R.*] 7:8–7(b) WHICH REQUIRES A CERTIFICATION FROM THE PRIVATE PROSECUTOR AND FINDING OF GOOD CAUSE ON THE RECORD BY THE MUNICIPAL COURT.

II. THE CONVICTION VIOLATES THE HOLDING OF [*STATE v. STORM*] WHICH STRICTLY LIMITS THE APPEARANCES OF PRIVATE PROSECUTORS IN THIS STATE.

II

Because the record on appeal is unenlightening, we examine the issues raised on the assumption, as conceded by the parties, that there was no compliance with *R.* 7:8–7(b).[1] The Law

---

[1] The State concedes this point in its appeal brief: "Under *R.* 7:8–7(b), a private prosecution is permitted only after counsel submits the certification on a prescribed form, the municipal court grants the application for good cause

Division judge, also proceeding on this same assumption, concluded that the private prosecutor's failure to comply with *R.* 7:8–7(b) did not matter because "this defendant got a fair trial." Since we have not been provided with a transcript of any of the municipal proceedings in this matter, we cannot fairly review the Law Division judge's determination that defendant was not prejudiced and otherwise received "a fair trial." However, because we conclude that the private prosecutor's abject failure to comply with *Storm* and *R.* 7:8–7(b) mandates reversal notwithstanding the claim that defendant was not prejudiced or otherwise received a fair trial, we reverse.

Our Supreme Court has made clear its concerns about private prosecutors in the following way:

> A mere list of the arguments for and against private prosecutors fails to capture the valuable, if troublesome, role of municipal courts in resolving private disputes. A municipal court is "the people's court." Municipal courts remain a place in which people, sometimes on the verge of violence, can seek relief. In effect, municipal courts provide a safety valve for society. By providing access to impartial judges, municipal courts forestall violence and encourage the peaceful resolution of disputes.

> *For a municipal court to provide an effective forum, both the complainant and the defendant must trust the impartiality of the proceedings. To earn that trust, the prosecutor, like the judge, must be impartial. Inevitably, private prosecutions undermine confidence in the integrity of the proceedings.*

> [*Storm, supra,* 141 *N.J.* at 254, 661 *A.*2d 790 (emphasis added).]

The *Storm* decision was followed by the Court's creation, through its rule-making authority, of a process by which the propriety of private prosecutions could be assessed. In adopting *R.* 7:8–7(b), the Court lodged the obligation to insure the impartiality of private prosecutions, in the first instance, with municipal judges. That is, the rule indicates that the municipal court "may permit a private prosecutor to represent the government," but the manner in which that decision may be made is circumscribed:

> A prosecutor may, however, be so permitted *only if* the court has first reviewed the attorney certification submitted on a form prescribed by the Administrative

---

shown, and the municipal court places the reasons supporting its finding of good cause on the record. None of these things happened in this case."

Director of the Courts, ruled on the contents of the certification, and granted the attorney's motion to act as private prosecutor for good cause shown. The finding of good cause shall be made on the record.

[*R.* 7:8–7(b) (emphasis added).]

Here, the parties concede that an attorney certification was never submitted.[2] Accordingly, the municipal judge was unable to perform the gate-keeping function required by *Storm* and *R.* 7:8–7(b). In light of the acknowledged failure of the private prosecutor to commence this process, and in light of the municipal judge's failure to insure its commencement, we conclude that the plain meaning of *R.* 7:8–7(b) requires that the conviction cannot stand.

To avoid this result, the State argues that a failure to comply with *R.* 7:8–7(b) "need not be fatal," and that, when there has been no objection or prejudice, citing *State v. Walsh,* 360 *N.J.Super.* 208, 212, 822 *A.2d* 611 (App.Div.2003), the failure to comply may be overlooked. We would also observe that in the period following *Storm,* but before adoption of *R.* 7:8–7(b), we held that the lack of a "showing of any prejudice to defendant from the failure to follow the letter of *Storm,*" permitted a finding that the failure to comply was harmless. *State v. Lazarchick,* 314 *N.J.Super.* 500, 514, 715 *A.2d* 365 (App.Div.), *certif. denied,* 157 *N.J.* 546, 724 *A.2d* 804 (1998). Since *Walsh* contains only dicta in this regard,[3] and since

---

[2] The form prescribed by the Administrative Director of the Courts requires that the attorney, among other things, certify (1) that there is no actual conflict of interest arising from representation of the complaining witness (or, if there is, to explain it), (2) that the municipal prosecutor has elected not to conduct the prosecution, (3) whether defendant is expected to be represented by counsel, (4) that "[t]here is no civil litigation, existing or anticipated, between the complaining witness and the defendant concerning the same or similar facts as are contained in the complaint," (5) that the complaining witness has been informed, in the event of civil litigation, that neither the certifying attorney nor any firm member will undertake the complaining witness's representation in that matter, and (6) that there are "no other facts that could reasonably affect the impartiality of the private prosecutor and the fairness of the proceedings or otherwise create an appearance of impropriety."

[3] While it is stated in *Walsh* that the failure to comply with *R.* 7:8–7(b) might not be "controlling where there was no objection or no prejudice," we went on to reverse the conviction on its merits. Accordingly, the comments in *Walsh*

we view *Lazarchick's* holding as limited to matters that preceded the adoption of *R.* 7:8–7(b), we find no persuasive support for the harmless error approach adopted by the Law Division judge, and we reject the State's invitation to adopt the same or similar approach to municipal prosecutions occurring after the Supreme Court's adoption of *R.* 7:8–7(b).

A plain reading of *R.* 7:8–7(b) does not permit an interpretation that its application is discretionary. The rule does not state that a private prosecutor "may" submit such a certification or that the municipal judge "may" review it. Instead, the rule states that a private attorney may be permitted to prosecute the matter "only if" the court has reviewed the certification, ruled on its contents, and granted the motion "for good cause shown." Whether defendant has objected to, or will be prejudiced by, the private prosecution may be matters that the municipal judge may weigh in determining whether to grant or deny the request. But the fact that the municipal judge may have discretion in passing on the merits of the application does not mean, and the rule does not so intimate, that the procedure itself is discretionary.

We emphasize our Supreme Court's holding that a private prosecution "inevitably" calls into question the public's confidence in the impartiality and integrity of municipal prosecutions. *Storm, supra,* 141 *N.J.* at 254, 661 *A.*2d 790. Accordingly, a private prosecutor's failure to comply with *R.* 7:8–7(b), that has the effect of precluding the municipal judge's assessment of *Storm's* concerns, creates a structural rift in the framework of the entire judicial process that cannot be viewed as harmless. *State v. Cuccio,* 350 *N.J.Super.* 248, 261, 794 *A.*2d 880 (App.Div.), *certif. denied,* 174 *N.J.* 43, 803 *A.*2d 638 (2002). Such a fundamental

---

relied upon by the State are dicta. *See also State v. Ishaque,* 312 *N.J.Super.* 207, 209, 711 *A.*2d 416 (Law Div.1997), where the Law Division judge observed that the proceedings required by *R.* 7:8–7(b) were not followed in the municipal court but declined to consider that failure's impact because the issue was not raised in the appeal to the Law Division.

defect cannot be excused merely because the accused has suffered no ostensible prejudice nor may it be waived because the accused has not objected. *See, e.g., State v. Brown,* 362 *N.J.Super.* 180, 189, 827 *A.2d* 346 (App.Div.2003) (readback of testimony in the absence of defendant contrary to *R.* 3:16(b) required reversal absent a showing of prejudice); *State v. Cuccio, supra,* 350 *N.J.Super.* at 261–65, 794 *A.2d* 880 (barring public from the courtroom during jury selection without compelling justification constituted a violation of defendant's right to public trial mandating reversal).

The absence of the procedures required by *R.* 7:8–7(b) creates a defect that strikes at the heart of the integrity of what the Court has described as "the people's court." *Storm, supra,* 141 *N.J.* at 254, 661 *A.2d* 790. The rule concerns itself with far more than the fairness of one particular adjudication of guilt. It was created to guarantee the actual and perceived impartiality of the system that produced that adjudication. That was the basis for the Court's decision in *Storm,* and it is the basis for our determination that the alleged lack of prejudice to defendant in this case is irrelevant and cannot excuse the private prosecutor's failure to comply, or the municipal judge's failure to compel compliance, with *R.* 7:8–7(b).

Reversed. Should there be an attempt to further prosecute defendant on these charges, there must first be compliance with the proceedings required by *R.* 7:8–7(b).