NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-6032-12T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HOWARD MYEROWITZ,

    Defendant-Appellant.

_____

**APPROVED FOR PUBLICATION**

**February 18, 2015**

**APPELLATE DIVISION**

Argued January 7, 2015 — Decided February 18, 2015

Before Judges Fuentes, Ashrafi and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 21-12.

Howard Myerowitz, appellant, argued the cause pro se.

Kevin J. Murray, Assistant Prosecutor, argued the cause for respondent (Gaetano T. Gregory, Acting Hudson County Prosecutor, attorney; Mr. Murray, on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

    Defendant Howard Myerowitz appeals from the judgment of the Law Division finding him guilty of the petty disorderly persons offense of harassment as defined in N.J.S.A. 2C:33-4(a).  The Law Division reached this decision after conducting a de novo

review of the trial record developed in the Secaucus municipal court[1] pursuant to Rule 3:23-8. Defendant raises a number of substantive arguments attacking the legal validity of his conviction. However, as a threshold issue, defendant argues the Law Division erred in failing to declare his conviction in the Secaucus municipal court void ab initio because he was prosecuted by a private attorney who did not comply with the requirements the Supreme Court established in State v. Storm, 141 N.J. 245 (1995) and subsequently supplemented and codified in Rule 7:8-7(b).

We agree with defendant that his conviction for harassment is procedurally defective and cannot stand as matter of law. The record of the municipal court proceedings presented for de novo review to the Law Division shows that the Secaucus Municipal Court permitted the private attorney retained by the complaining witness to assume the authority ordinarily reserved to duly appointed municipal prosecutors without adhering to the procedural requirements of Rule 7:8-7(b).

---

[1] Rule 7:8-2(a) provides that "except as otherwise provided by law," the prosecution of an offense in municipal court "shall take place in the jurisdiction in which the offense was committed." Although the offense under review here was allegedly committed in Jersey City, for reasons that are not made entirely clear in the record before us, venue was transferred to Secaucus. Defendant is not contesting this issue on appeal.

Specifically, the private attorney retained by the complaining witness prosecuted the case against defendant without submitting the certification required by Rule 7:8-7(b). The municipal court erred in permitting this private attorney to exercise prosecutorial authority without adhering strictly to the rules governing such practices. Failure to follow the procedures established in Storm violated defendant's due process rights and did not "preserve the integrity of municipal courts, protect the rights of defendants, and [ ] make the system work." Storm, supra, 141 N.J. at 254-55.

I

Defendant is an attorney admitted to practice law in this State.  In that capacity, he represents the Liberty Humane Society, an organization that purports to be "a non-profit animal shelter dedicated to promoting animal welfare in our communities by providing progressive animal sheltering, behavioral therapy and adoption services designed to give every animal a chance at a lifelong, loving home."[2]  Defendant claims Donna Lerner filed this harassment complaint against him in retaliation for a civil action alleging "harassment and defamation" brought by Liberty Humane Society against Lerner and

---

[2] Liberty Humane Soc'y, http://libertyhumane.org/board_staff.php (last visited January 19, 2015).

other members of what defendant characterizes as a "fringe animal rights group."

On January 31, 2011, defendant attended a board of directors meeting of the Liberty Humane Society to update the board members on the status of the civil litigation against Lerner. The incident that gave rise to Lerner's harassment complaint against defendant occurred at this meeting.

The meeting, which was held in a room inside the City Hall of the City of Jersey City, was initially open to the public.[3] Lerner, who was also in attendance, sought to record the board's discussions during the public session. However, when the discussions reached defendant's litigation update, the board members asked Lerner and other members of the public to leave the room. According to defendant, the board members explained that the meeting was being closed to the public to permit defendant, as the attorney representing the organization, to privately discuss confidential information concerning the status of the litigation.

After the meeting room was cleared of public attendees, defendant took certain personal items attendees had left inside

---

[3] Although not entirely clear based on the record before us, it appears Liberty Humane Society had at the time some kind of affiliation with the City of Jersey City with respect to the care of wayward animals.

the meeting room and placed them outside on the hallway floor. According to Lerner, defendant told her to get away from the meeting room door. She also claimed defendant told her that he was going to have her escorted out of the building. Lerner described defendant's demeanor as confrontational and physically menacing. She alleged defendant "got several inches away" from her face, pointed his finger at her, yelled at her, and followed her when she stepped back. Although Lerner testified that defendant's alleged misbehavior continued unabated for approximately fifteen to twenty minutes, she also indicated that she continuously walked in and out of the meeting room, in apparent defiance of the board's decision to close the meeting to the public.

The Law Division judge found that at some point during this confrontation with Lerner, defendant asked both security and Jersey City Police Officers for assistance to physically remove Lerner from the scene. The trial court found, however, that the police officers refused to accede to defendant's request because Lerner was lawfully in a public building and was not acting inappropriately. Lerner was later permitted to attend the public session of the board meeting without further incident. Her charge of harassment against defendant is thus exclusively

based on her interactions with defendant immediately after the board's decision to close the meeting to the public.

## II

Although the Secaucus Municipal Court disposed of several other cases involving Donna Lerner and other individuals who had some connection with the Liberty Humane Society, this appeal concerns only what occurred during the prosecution of the harassment charges filed by Lerner against defendant.[4]   However, the Storm issue raised by defendant in this appeal was not directly addressed by the municipal court on June 5, 2012, the day defendant's case was scheduled for trial.

The following colloquy occurred before the start of the trial against defendant:

> DEFENDANT:   I'm sorry, Your Honor.   Is [Lerner's private attorney] prosecuting on this case?
>
> MUNICIPAL COURT JUDGE: My understanding is she is.  I received an application to do so.
>
> DEFENDANT: I haven't received an application for her to prosecute this matter.
>
> LERNER'S ATTORNEY: Judge, that's not true. We went through this probably four sessions ago where he objected to my prosecuting at

---

[4] Defendant's Notice of Appeal and Case Information Statement identify only the Law Division's May 28, 2013 judgment of conviction finding defendant guilty of committing the petty disorderly persons offense of harassment against Donna Lerner, as defined in N.J.S.A. 2C:33-4(a).

that time, and Your Honor reviewed the <u>Storm</u> application. Your Honor addressed the issue.

DEFENDANT: It's not a party - -

LERNER'S ATTORNEY: And one of the - - the big issue - -

MUNICIPAL COURT JUDGE: Mr. Myerowitz, you filed a motion to disqualify [Lerner's attorney]. And I did go through all of the reasons on the record, and I - - and I went through all of it. So - -

DEFENDANT: Yes, but she only applied to prosecute Ms. [Jeffrey]. She never applied to prosecute me.

MUNICIPAL COURT JUDGE: No, she did. And your brief addressed both. Your brief was addressing in caption to <u>Re: State v. Diana Jeffreys</u> [sic], <u>Re: State v. Howard Myerowitz</u>. So it addressed it and I addressed all the issues.

Ultimately, the municipal court judge found that she had addressed and rejected defendant's <u>Storm</u> related objections:

> I believe that I have on more than one occasion indicated that [Lerner's private attorney] can appear in this matter. You have filed a brief in opposition to her appearing. I said that she can appear. And so . . . this has been on the calendar forever with today as the day to go forward.

The municipal court judge's reference to a prior ruling deciding this issue relates to a hearing that occurred on September 6, 2011, the first day of trial of the harassment charges filed by Lerner against defendant's wife, Diana H. Jeffrey, whom defendant represented as defense counsel. On that

day, Lerner's private attorney entered her appearance and announced to the municipal court that she had "filed a <u>Storm</u> motion on behalf of Donna Lerner." After considerable discussion concerning defendant's ability to represent himself and his wife in these matters[5], Lerner's private attorney addressed the municipal court as follows:

> Judge, I don't represent Ms. Lerner in a complaint by Ms. Jeffrey. I did file two <u>Storm</u> certifications. I seek to represent - - to prosecute the matter against Diana Jeffrey in <u>State v. Diana Jeffrey</u> where Donna Lerner is the complainant. There - -
>
> MUNICIPAL COURT JUDGE: Well . . . let's stick with what I have. Let's - -
>
> . . . . .
>
> Let's go back a minute. There is no complaint by Mr. Myerowitz against Ms. Lerner. That's my point.
>
> DEFENDANT: Correct.
>
> LERNER'S ATTORNEY: That's correct.
>
> . . . . .
>
> MUNICIPAL COURT JUDGE: So then the next issue becomes - - if I'm correct, your remaining argument is that Mr. Myerowitz should not be appearing on behalf of Ms. Jeffrey as defense counsel.

---

[5] The record reflects defendant's wife (who is also an attorney) waived any conflict of interest arising as a result of defendant representing her in the case, as required by <u>Rule</u> 3:8-2. This issue ultimately became moot, however, because Jeffrey was acquitted of the charges filed against her by Lerner.

> . . . .
>
> LERNER'S ATTORNEY: That's correct.
>
> MUNICIPAL COURT JUDGE: In the absence of - - of him prosecuting one of these matters, I'm having a difficult time then seeing where the conflict would be. The State v. Storm conflict comes up if he prosecutes one of these matters.

Lerner's attorney agreed with the municipal court judge's analysis of the Storm question as it related to defendant's ability to represent Jeffrey in the harassment case Lerner filed against her. The question related to whether Lerner's private attorney could assume the role of prosecutor resurfaced when defendant, acting as Jeffrey's defense counsel, objected to Lerner's private attorney's Storm application. Defendant based his objection on two grounds: (1) the absence of cross-complaints between Jeffrey and Lerner; and (2) Lerner's counsel's failure to submit a certification in conformance with the requirements of Rule 7:8-7(b). The municipal court judge rejected defendant's arguments and the case against Jeffrey went forward with Lerner's private attorney acting as prosecutor.

The municipal court judge found Lerner's attorney did not use the form certification approved by the Administrative Director of the Courts (Director) as required by Rule 7:8-7(b). The municipal court judge nevertheless permitted Lerner's

attorney to prosecute Jeffrey, finding the privately drafted certification submitted by the attorney was in "substantial compliance" with the form approved by the Director. The municipal court judge provided the following explanation in support of her ruling:

> [Lerner's private attorney] submitted a certification to the Court dated February 7, 2011. It is not on the form [prescribed] by the [Administrative Office of the Courts], but it is in substantial compliance with it. It provides in part that she requests to prosecute this matter on behalf of her client, that she's an attorney at law, that she is supplying this certification in -- to the Jersey City Municipal Court in -- pursuant to Rule 7:8-7(b) and State v. Storm and that she will fill out any form that was provided to her by the Municipal Court. She's asking that she be appointed as an impartial private Prosecutor for Donna Lerner, the complaining witnesses in -- in this matter.
>
> .  .  .  .
>
> I don't find that the form not being provided to her by Jersey City is fatal to her prosecution in this matter.
>
> With whether or not these matters are cross-complaints, I said earlier in this day and with regard to another matter I find that they are cross-complaints. I understand that there is no identity of dates, but there are identity of parties and there are [identity] of issues in this matter.
>
> The parties are in a dispute apparently over . . . I [may be] using the wrong title for it . . . Hudson County Animal Shelter. It may be the Jersey City Animal Shelter. I'm

10

not familiar enough with the facts having not heard them yet but only reviewed the motions in this matter. The dispute [may be] . . . over control over this animal shelter. The parties got into disputes over how they should discuss it, whether or not one party was harassing the other, using harassing language over it. All of these parties are people who had something [to] do with this shelter.

While there may not be an identity of dates meaning you allege I harassed you on Date A while I allege you harassed me on Date B, the allegations are similar enough and the parties are similar enough so that I can consider these to be cross-complaints.

If I say to you something on Monday and you answer me on Tuesday because we're using electronic communication meaning that we're using e-mail or Face Book [sic] or any of the other means that people communicate with today, text, and so I don't get it in an instant time but I get it the next day, that is contemporaneously enough that I would consider these to be cross-complaints.

[(Emphasis added).]

The certification Lerner's private attorney submitted to the Jersey City Municipal Court in support of her <u>Storm</u> application, which the Secaucus Municipal Court found "substantially complied" with the requirements of <u>Rule</u> 7:8-7(b), is replicated in its entirety and attached here as Exhibit A to this opinion. In the interest of clarity, we recite the following pertinent paragraphs of the certification:

2. This Certification is being supplied to the Jersey City Municipal Court pursuant to

11

the provisions of R. 7:8-7(b) and State v. Storm, 141 N.J. 245 (1995) to provide the Court and the Municipal Prosecutor with all facts that may foreseeably affect the fairness of the proceedings to enable the court to determine whether I may be appointed as an impartial private prosecutor for Donna Lerner, the complaining witnesses in the above matter.

3. The complaining witnesses are individuals.

4. There is no actual conflict of interest arising from my representation of and fee arrangement with, the complaining witnesses.

5. The municipal prosecutor can elect not to conduct the prosecution.

6. Neither I nor any member of my firm will represent the complaining witness in any civil litigation concerning the same or similar facts as are contained in the complaint.

7. There are no other facts that could reasonably affect the impartiality of the private prosecutor and the fairness of the proceedings or otherwise create an appearance of impropriety.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

As Exhibit A attached hereto shows, this certification dated February 7, 2011, uses a caption identifying only the case of State v. Diana H. Jeffrey, Complaint No. S2010 009052 0906, leaving any reasonable reader to conclude this private attorney

was seeking leave of the court to assume the role of prosecutor on behalf of the complaining witness only in that case. The letter the attorney wrote to the then Presiding Judge of the Jersey City Municipal Court dated February 14, 2011, transmitting this personally drafted version of a Storm certification, also corroborates this inference. The "reference" section of the letter again identifies the subject matter as the case of "State v. Diana Jeffries [sic], Complaint No. S2010 009052 0906." Finally, in an effort to dispel any ambiguity or confusion, the attorney wrote: "If the Court agrees to permit me to serve as a private prosecutor in this matter, please have your clerk file the enclosed Notice of Appearance and send me a copy marked filed in the enclosed stamped self-addressed envelope."[6] No other case is mentioned in the letter.

On appeal to the Law Division, defendant again argued that Lerner's private attorney was not legally authorized to prosecute the harassment complaint filed against him by Lerner because the attorney did not submit a Storm certification in his case. The State, this time represented by an Assistant Prosecutor from the Hudson County Prosecutor's Office, argued

---

[6] The appellate record does not contain a copy of the Notice of Appearance "marked filed."

that the municipal court judge considered and rejected defendant's arguments under Storm in the case against Jeffrey.

The Law Division Judge accepted the State's argument in this respect. The trial judge found that the municipal court judge "made it clear that she was '<u>lumping</u>' all the matters together." (Emphasis added). After naming the various cases in which the charges were eventually withdrawn by all of the complaining witnesses, the Law Division Judge found:

> It was clear to Mr. Myerowitz that all the matters were addressed jointly, but would have its own trial, as he addressed in the caption of his brief to <u>Re: State v. Diana Jeffrey</u>, <u>Re: State v. Howard Myerowitz</u>. This makes it clear that there are overlapping issues and essentially, he addressed them jointly.

### III

Against this record, defendant raises the following arguments on appeal:

<u>POINT I</u>

THE CONVICTION MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY ALLOWED A PRIVATE ATTORNEY TO PROSECUTE THE DEFENDANT, HOWARD Z. MYEROWITZ, ESQ.

> A. The Private Attorney Did Not File An Application To Prosecute The Defendant, Howard Z. Myerowitz, Esq.
>
> B. Even If The Private Attorney Had Filed An Application To Prosecute The Defendant, Howard Z.

14

Myerowitz, Esq., It Would Have Been Plain Error For The Trial Judge To Grant It Because The Rules Only Allow A Private Prosecutor To Be Appointed When There Are Cross Complaints And No Civil Litigation [Existed] Between The Parties.

POINT II

THE CONVICTION MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY ALLOWED THE PRIVATE PROSECUTOR TO CALL A WITNESS WHO THE DEFENDANT HAD NOT BEEN NOTIFIED OF.

POINT III

THE CONVICTION MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY FOUND THE DEFENDANT GUILTY OF COMMITTING ACTS NOT ALLEGED IN THE CRIMINAL COMPLAINT.

POINT IV

THE CONVICTION MUST BE REVERSED BECAUSE THE FACTS AS ALLEGED IN THE COMPLAINT DO NOT CONSTITUTE HARASSMENT AS A MATTER OF LAW AND THE FACTS ADDUCED AT TRIAL DID NOT ESTABLISH ALL THE ELEMENTS OF N.J.S.A. 2C:33-4(a).

POINT V

THE CONVICTION MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY USED FACTS ADDUCED IN A DIFFERENT MATTER, AND FACTS NOT ADDUCED AT TRIAL BUT ALLEGEDLY KNOWN TO THE JUDGE PERSONALLY, TO REACH HER DECISION.

POINT VI

THE CONVICTION MUST BE REVERSED BECAUSE THE TRIAL JUDGE IMPROPERLY FAILED TO DISCLOSE HER PRIOR RELATIONSHIP WITH THE CITY OF JERSEY CITY AND HER PRIOR EMPLOYMENT WITH JERSEY CITY CORPORATION COUNSEL.

<u>POINT VII</u>

THE CONVICTION MUST BE REVERSED BECAUSE THE DEFENDANT DID NOT RECEIVE A FAIR TRIAL BEFORE AN IMPARTIAL JUDGE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AND THE TRIAL JUDGE IMPROPERLY HAD AN EX PARTE COMMUNICATION WITH THE PRIVATE PROSECUTING ATTORNEY.

We will start our analysis by addressing defendant's argument challenging the Law Division's ruling upholding the municipal court judge's decision to allow Lerner's private attorney to prosecute the harassment charge against him. Our review of the record leads us to conclude that the private attorney who prosecuted this case against defendant did not submit the certification required by <u>Rule</u> 7:8-7(b), and was thus not vested with the authority to represent the State at the time she prosecuted defendant. In permitting this attorney to assume the role of prosecutor in this case, the municipal court judge mistakenly relied on a certification this same attorney submitted in support of an application to prosecute a case against defendant's wife, Diana Jeffrey. The Law Division erred in upholding the municipal court judge's decision under these circumstances.

We further hold that the failure of the municipal court to enforce the requirements of <u>Rule</u> 7:8-7(b) renders defendant's conviction void <u>ab initio</u>. As we stated in <u>State v. Valentine</u>,

374 <u>N.J. Super.</u> 292, 297-98 (App. Div. 2005), judicial oversight in this context and adherence to the requirements of the rule are necessary to prevent a structural rift in the framework of the entire judicial process[.]"

The public policy concerns involved in permitting a private attorney to assume the role of prosecutor and represent the State in a particular case were articulated by Justice Pollock on behalf of a unanimous Court in <u>Storm</u>. The Court grappled to strike a proper balance between two seemingly irreconcilable propositions. As Justice Pollock noted, "[t]he challenge is to respect the defendant's right to a fair trial while preserving the contribution of private prosecutors to the disposition of complaints in the municipal courts." <u>Storm</u>, <u>supra</u>, 141 <u>N.J.</u> at 252.

The Court was particularly concerned with the erosion of public confidence caused by the inherent lack of impartiality associated with a privately retained prosecutor.

> The overarching argument against private prosecutors is the risk they pose to a defendant's right to a fair trial. A private prosecutor's dual responsibilities to the complaining witness and to the State breed numerous problems. Representation of the complainant in a related civil action could invest the prosecutor with a monetary interest in the outcome of the matter. That risk is particularly high if the prosecutor has agreed to receive a contingent fee in the civil action. Even in the absence of

actual conflict, the appointment as prosecutor of an attorney for an interested party creates the appearance of impropriety.

Conflicting interests, moreover, can undermine a prosecutor's impartiality. The loss of impartiality can affect the prosecutor's assessment of probable cause to proceed; the disclosure of exculpatory evidence; and the willingness to plea bargain. Also implicated are the prosecutor's ethical obligation "to see that the defendant is accorded procedural justice and that guilt is decided upon the basis of sufficient evidence." In addition, private prosecutions pose the risk that the complainant will use the municipal court proceeding to harass the defendant or to obtain an advantage in a related civil action.

[Id. at 252-53 (internal citations omitted).]

On the other side of the scale were the equally important interests of preserving and expanding access to a forum for resolutions of minor disputes that, if left unaddressed, could escalate into more serious violent confrontations. As more eloquently stated by Justice Pollock:

A municipal court is "the people's court." Municipal courts remain a place in which people, sometimes on the verge of violence, can seek relief. In effect, municipal courts provide a safety valve for society. By providing access to impartial judges, municipal courts forestall violence and encourage the peaceful resolution of disputes.

[Id. at 254.]

The Court concluded that the effectiveness of the municipal court as a forum for dispute resolution depended upon the public's confidence in its ability to deliver impartial justice. This could be achieved only if both complainant and defendant trusted the impartiality of the proceedings. <u>Ibid.</u> There is the rub. As the <u>Storm</u> Court ultimately acknowledged, "[t]o earn that trust, the prosecutor, like the judge, must be impartial. <u>Inevitably, private prosecutions undermine confidence in the integrity of the proceedings</u>." <u>Ibid.</u> (Emphasis added).

With this admonition in mind, we will focus our discussion on how the Supreme Court decided to respond to this challenge. <u>Rule</u> 7:8-7(b) authorizes the municipal court to permit a private attorney to assume the role of municipal prosecutor and represent the State in a particular case, only after determining on the record that certain specific conditions exist, and that the attorney has submitted a certification, in the form approved by the Administrative Director of the Courts, addressing all of the questions contained therein.

> The court may permit an attorney to appear as a private prosecutor to represent the State in cases involving cross-complaints. Such private prosecutors may be permitted to appear on behalf of the State only if the court has first reviewed the private prosecutor's motion to so appear and an accompanying certification submitted on a form approved by the Administrative Director of the Courts. The court may grant the

> private prosecutor's application to appear if it is satisfied that a potential for conflict exists for the municipal prosecutor due to the nature of the charges set forth in the cross-complaints. The court shall place such a finding on the record.
>
> [R. 7:8-7(b).]

Distilled into manageable subparts, the first step under Rule 7:8-7(b) requires the municipal court judge to determine whether the parties have filed cross-complaints against each other. In such a scenario, the municipal prosecutor is placed in an untenable situation because each party is a defendant in one case and a complaining witness in the other. Here, the record shows defendant did not have a cross-complaint against Lerner. Although defendant represented the Liberty Humane Society in a pending civil action against Lerner, there is no evidence that defendant had a pending personal complaint against Lerner before the municipal court.

In the absence of actual cross-complaints that create an insurmountable conflict of interest for the prosecutor, there are no legal grounds for the municipal court to permit a private attorney to represent the State. Because public policy favors that prosecutions be conducted by duly appointed independent prosecutors, the municipal court judge should obtain a statement from the municipal prosecutor, on the record, confirming the existence of this conflict of interest, requiring his or her

recusal in the case. However, "[i]f the municipal prosecutor insists on proceeding with the prosecution, the prosecutor's decision should be final." Storm, supra, 141 N.J. at 255.

The second step under Rule 7:8-7(b) requires the municipal court to review the private attorney's motion to assume the role of prosecutor. This motion must be accompanied by a "certification submitted on a form approved by the Administrative Director of the Courts." R. 7:8-7(b) (emphasis added). Here, the Law Division's finding that the municipal court judge consolidated defendant's case with Jeffrey's case is not supported by the record. Lerner's attorney did not file a formal motion seeking leave to prosecute the case against defendant or submit the certification required by Rule 7:8-7(b).

The Law Division Judge referred to a brief captioned "State v. Diana Jeffrey, Re: State v. Howard Myerowitz" in his memorandum of opinion. In this appeal, however, the State has not refuted defendant's claim that no such brief ever existed. The record corroborates defendant's claim that Lerner's attorney did not submit a Storm certification requesting leave to prosecute the case against him. As noted infra, the letter from Lerner's attorney transmitting her personally drafted version of the certification required by Rule 7:8-7(b) only refers to the case of "State v. Diana Jeffrey, Complaint No.

S2010 009052 0906," and she sought only to be permitted to serve as a private prosecutor <u>in that matter</u>. (Emphasis added).

In the interest of clarity, and to guide the Law Division and the municipal courts, we have attached as Exhibit A the certification filed by Lerner's attorney purporting to comply with the requirements of <u>Rule</u> 7:8-7(b). We have also attached as Exhibit B the certification form approved by the Administrative Director of the Courts. Even a cursory comparison of these two documents shows that the unapproved, personally drafted certification submitted by Lerner's attorney fails to materially comply in several respects with the requirements of <u>Rule</u> 7:8-7(b) or the Court's impartiality concerns in <u>Storm</u>.

By way of example, the personally drafted certification indicates only that neither she nor any member of her firm <u>will</u> represent the complaining witness in any civil litigation concerning the same or similar facts as are contained in the complaint. The approved form requires the attorney to certify that:

> There is no civil litigation, <u>existing or anticipated</u>, between the complaining witness and the defendant concerning the same or similar facts as are contained in the complaint. In the event of such civil litigation, I have informed the complaining witness that neither I nor any member of my

22

<span style="float:right">A-6032-12T2</span>

firm will undertake the complaining witness'
representation in that matter.

[(Emphasis added).]

The approved form requires the attorney to inform the
municipal court whether the defendant "is or is expected to be
represented by counsel." The personally drafted certification
does not address this issue. Finally, the personally drafted
certification states, "[t]he municipal prosecutor <u>can elect not
to conduct the prosecution</u>." (Emphasis added). By contrast,
the approved form requires the attorney to certify that "[t]he
municipal prosecutor <u>has elected not to conduct the prosecution</u>.
Check if correct. [ ] If not, please explain[.]" (Emphasis
added).

Despite these material deviations from the approved form,
the municipal court judge found the unapproved certification was
in "substantial compliance" with the requirements of <u>Rule</u> 7:8-
7(b). We caution municipal court judges against adopting such a
lax approach to the requirements of this Rule. As we made clear
in <u>Valentine</u>, <u>supra</u>, "[a] plain reading of [<u>Rule</u>] 7:8-7(b) does
not permit an interpretation that its application is
discretionary." 374 <u>N.J. Super.</u> at 297. Use of the form
approved by the Administrative Director of the Courts is not
discretionary. The questions contained in the form, including
the precise phraseology used, constitutes the expressed method

adopted by the Supreme Court to accommodate the public policy concerns expressed in Storm, supra. 141 N.J. at 254.

The certification form attached here as Exhibit B was approved by the Administrative Director of the Courts in 1999 to comply with the mandate of Rule 7:8-7(b). The certification is electronically available to all of the municipal courts of this State. Municipal Courts have an obligation to provide this certification form to any private attorney seeking leave to assume the role of prosecutor in a given case.[7]

IV

The municipal court's failure to enforce the requirements of Rule 7:8-7(b) rendered defendant's conviction for the petty disorderly offense of harassment void ab initio. Thus, we need not reach the remaining issues raised by defendant in this appeal. We remand this matter for a new trial. We do not retain jurisdiction.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[7] We recognize that modern technology permits easy access to this type of information by simply attaching the approved certification form to a municipal court's website or to the New Jersey Judiciary website. However, the acceptable method for ensuring compliance with this aspect of Rule 7:8-7(b) is a question that should be addressed by the Administrative Director of the Courts.

_____

STATE OF NEW JERSEY,

    (Donna Lerner)               JERSEY CITY MUNICIPAL COURT
                                   HUDSON COUNTY

        Plaintiff,          Complaint  No.S2010   009052
0906

V.

                                CERTIFICATION IN SUPPORT OF
DIANA H. JEFFREY               APPLICATION FOR: APPOINTMENT
                                AS PRIVATE PROSECUTOR
        Defendant.        PURSUANT TO R.7:8-7(B)

_____

TO:  Clerk
     Jersey City Municipal Court
     365 Summit Avenue
     Jersey City, New Jersey 07306

     Jersey City Municipal Court Prosecutor
     Jersey City Municipal Court
     365 Summit Avenue
     Jersey City, New Jersey 07306

     Howard Z. Myerowitz, Esq.
     [Attorney for Diana H. Jeffrey, Defendant]

     [      ] of full age, being duly sworn, certifies:

1.   I am an Attorney at Law of the State of New Jersey.

2.   This Certification is being supplied to the Jersey City Municipal Court pursuant to the provisions of R.7:8-7(b) and State v. Storm, 141 N.J. 245 (1995) to provide the Court and the Municipal Prosecutor with all the facts that may foreseeably affect the fairness of the proceedings to enable the court to determine whether I may be appointed as an impartial private prosecutor for Donna Lerner, the complaining witnesses in the above matter.

3.   The complaining witnesses are individuals.

4.   There is no actual conflict of interest arising from my representation and fee arrangement with, the complaining witnesses.

5.   The municipal prosecutor can elect not to conduct the prosecution.

6.   Neither I nor any member of my firm will represent the complaining witness in any civil litigation concerning the same or similar facts as are contained in the complaint.

7.   There are no other facts that could reasonably affect the impartiality of the private prosecutor and the fairness of the proceedings or to otherwise create an appearance of impropriety.

     I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  February 7, 2011


_____
[Original Certification bears the signature of the attorney]

2                                                    A-6032-12T2

<u>EXHIBIT B</u>

RULE 7:8-7(b) CERTIFICATION APPLICATION FOR APPOINTMENT AS PRIVATE PROSECUTOR

State of New Jersey vs.

_____

_____

Docket                                                   Number(s):

_____

_____

Charge(s):

_____

_____

Attorney Information:
Name:

_____

_____

Address

_____

_____

_____

_____

Telephone                                                  Number:

_____

_____

This      Certification      is      supplied      to      the

_____

____

Municipal Court, pursuant to the provisions of R. 7:8 -7(b) and State v. Storm, 141 N.J. 245 (1995) to provide the court and the prosecutor with all facts that may foreseeably affect the fairness of the proceedings to enable the court to determine whether I
may be appointed as an impartial private prosecutor for_____
_____, the complaining witness in the above matter.
1. (Please circle the applicable letter). The complaining witness is (a) an individual, (b) a business (please describe):

_____

_____

or (c) an entity with its own police department (please describe): _____

_____

_____

2. There is no actual conflict of interest arising from my representation of, and fee arrangement with, the complaining witness.
Check if correct. [ ] If not, please explain:
_____
_
_____
_____.
3. The municipal prosecutor has elected not to conduct the prosecution. Check if correct. [ ] If not, please explain:
_____
_____
_____
_____
4. The defendant is or is expected to be represented by counsel.
[ ] Yes [ ] No [ ] Unknown. Notice has been given to defendant's attorney. [ ] Yes [ ] No
5. There is no civil litigation, existing or anticipated, between the complaining witness and the defendant concerning the same
or similar facts as are contained in the complaint. In the event of such civil litigation, I have informed the complaining witness
that neither I nor any member of my firm will undertake the complaining witness' representation in that matter.
Check if correct. [ ] If not, please explain:
_____
_____
_____
6. There are no other facts that could reasonably affect the impartiality of the private prosecutor and the fairness of the proceedings or otherwise create an appearance of impropriety.
Check if correct. [ ] If not, please explain:
_____
_____
_____
_____.
Comments:
_____
_____
_____
_____
Please attach additional sheets, if necessary.
CERTIFICATION IN LIEU OF OATH
I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by

me are willfully false, I am subject to punishment.

_____

_____
Date Name of Applicant
(February,