**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2335-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ERIC GROETHING,

    Defendant-Appellant.

_____

> Argued April 26, 2017 — Decided August 7, 2017
>
> Before Judges Fuentes, Carroll and Farrington.
>
> On appeal from the Superior Court of New
> Jersey, Law Division, Hudson County, Municipal
> Appeal No. 3-15.
>
> Jeffrey G. Garrigan argued the cause for
> appellant (Cammarata, Nulty & Garrigan, LLC,
> attorneys; Mr. Garrigan, on the brief).
>
> Frances Tapia Mateo, Assistant Prosecutor,
> argued the cause for respondent (Esther
> Suarez, Hudson County Prosecutor, attorney;
> Ms. Mateo, on the brief).

PER CURIAM

    Defendant Eric Groething was involved in a physical altercation with Nicholas Garret. The incident occurred in the

basement laundry room of the apartment building in Jersey City where both men resided; the incident was videotaped by the building's security camera. The reasons that triggered this physical confrontation between these two adults are not germane to the legal issues raised in this appeal. Suffice it to say it concerned what can best be described as a violation of laundry-room etiquette. The videotape recording shows that the altercation ended when Groething overpowered Garret and left him unconscious on the floor. At the time, Groething was employed as a police officer by the Plainfield Police Department. However, his status as a police officer played no role in this matter. He was off-duty, wore civilian clothes, and was performing a purely personal task when he engaged Garret.

Groething reported the incident to the Jersey City Police Department immediately after the altercation ended. Garret was originally charged with third degree aggravated assault upon a police officer under N.J.S.A. 2C:12-1b(5). A few days later, Garret filed a complaint against Groething charging him with the disorderly persons offense of simple assault, N.J.S.A. 2C:12-1a(1), and the petty disorderly persons offense of harassment, N.J.S.A. 2C:33-4(a). The Hudson County Prosecutor's Office's downgraded the charge against Garret to simple assault, N.J.S.A.

2C:12-1a(1), and the cross-complaints were transferred to the Jersey City Municipal Court for trial.

The two cases were tried before the Jersey City Municipal Court over two non-consecutive days. Because these matters involved cross-complaints, the parties were represented by their privately retained counsel who acted as both defense counsel and private prosecutor. See State v. Myerowitz, 439 N.J. Super. 341, 354 (2015); R. 7:8-7(b). The municipal court judge found both men guilty of committing the petty disorderly persons offense of simple assault by engaging "in a fight or scuffle entered into by mutual consent," N.J.S.A. 2C:12-1a, as a lesser included offense of the disorderly persons offense of simple assault. The municipal court judge also found Groething guilty of the petty disorderly persons offense of harassment, N.J.S.A. 2C:33-4(a). Both men were sentenced to pay the mandatory minimum monetary penalties, which amounted to $125.

The parties sought a de novo review before the Law Division pursuant to Rule 3:23-8. In addition to the factual record developed before the municipal court, the Law Division Judge also received briefs filed by defendants' attorneys. The Hudson County Prosecutor's Office represented the State before the Law Division. R. 3:23-9(c).

After reviewing the record developed before the municipal court and considering the arguments of counsel, the Law Division Judge made the following findings:

> [T]he [c]ourt finds that as to Mr. Groething, he is guilty of simple assault; that his defense of self[-]defense has no basis in facts and the case below; that with regards to Mr. Garret, . . . while he was boisterous in his language, while he . . . had an exchange of words between himself and Mr. Groething, [he] had not exhibited any aggressive behavior until Mr. Groething was literally at his feet with his hands up, at which point Mr. Garret defended himself out of fear for his safety and the aggression that had been exhibited to him. And therefore there was not a basis in the facts and evidence presented to the [c]ourt below to find Mr. Garret guilty of . . . simple assault or mutual fighting, as he was acting in self[-]defense as reflected both in the video and the testimony of the defendant [Groething] below, which the [c]ourt finds credible.
>
> Therefore mutual fighting was inappropriate and the finding that self[-]defense is not viable with regards to mutual fighting is also inapplicable in this case because Mr. Groething is guilty of simple assault and because Mr. Garret was acting in self[-] defense.

The Law Division Judge found "no evidence" to support a finding of harassment under N.J.S.A. 2C:33-4 and dismissed that charge against Groething. Having found Groething guilty of simple assault, the Law Division Judge believed a greater, more punitive

sentence than the one imposed by the municipal court judge was warranted. As the Judge noted:

> The fines that were imposed as it relates to Mr. Groething and the sentence of the [c]ourt below . . . were the $50 Victims of Crime and $75 Safe Neighborhood [fines]. There was nothing else ordered by the [municipal] [c]ourt. However, the [c]ourt is going to require . . . an additional component of the sentence, now that it is no longer a PDP [petty disorderly persons] but instead a DP [disorderly persons], that the defendant, Mr. Groething, is required to have anger management and/or cultural sensitivity [training] . . . as a result of the assaultive behavior in this particular matter.

Against this record, defendant now raises the following arguments in this appeal.

> POINT ONE
>
> THE SUPERIOR COURT JUDGE IMPROPERLY CONVICTED DEFENDANT OF THE DISORDERLY PERSONS OFFENSE OF SIMPLE ASSAULT AFTER HE WAS ACQUITTED OF THAT CHARGE AND CONVICTED OF PETTY DISORDERLY PERSONS OFFENSE OF SIMPLE ASSAULT IN MUNICIPAL COURT.
>
> > A. The Double Jeopardy Clause Precludes Appellant's Conviction for Disorderly Persons Offense Simple Assault.
> >
> > B. New Jersey Public Policy Prohibited the Superior Court Judge From Convicting Appellant of a More Serious Offense Resulting in a Risk of a Greater Sentence.

POINT TWO

ASSUMING ARGUENDO THIS COURT FINDS THAT DE
NOVO REVIEW SHOULD HAVE BEEN LIMITED TO THE
PETTY DISORDERLY PERSONS OFFENSE OF SIMPLE
ASSAULT, ACQUITTAL IS WARRANTED ON THAT CHARGE
AS WELL AS DEFENDANT WAS NOT ENGAGED IN A FIGHT
UNDER THE LAW.

> A. The State Failed to Prove the
> Element of Mutual Consent Requiring
> an Acquittal of the Petty Disorderly
> Persons "Fighting by Mutual
> Consent" Charge.

> B. The Evidence Suggests that
> Defendant Groething Did Not Possess
> the Intent to Fight.

We agree with defendant's argument as expressed in Point I, reverse the judgment of the Law Division, and remand for the entry of a judgment of acquittal. Our Supreme Court has recently addressed two separate but highly important issues related to the interplay between the municipal courts and the Law Division. In State v. Robertson, 228 N.J. 138, 144 (2017), the Court for the first time established the appropriate standards for a stay of a driver's license suspension in a driving while under the influence case, arising under N.J.S.A. 39:4-50, in two contexts: a judgment of the municipal court pending a trial de novo in the Law Division, and a determination by the Law Division pending appeal to this court.

In settling this important aspect of appellate jurisprudence, the Court in <u>Robertson</u> reaffirmed the standard of review between the Law Division and the municipal court.

> In the Law Division, the trial judge "may reverse and remand for a new trial or may conduct a trial de novo on the record below." <u>R.</u> 3:23-8(a)(2). At a trial de novo, the court makes its own findings of fact and conclusions of law but defers to the municipal court's credibility findings. <u>See</u> <u>State v. Ross</u>, 189 <u>N.J. Super.</u> 67, 75 (App. Div.), <u>certif. denied</u>, 95 <u>N.J.</u> 197 (1983). It is well-settled that the trial judge "giv[es] due, although not necessarily controlling, regard to the opportunity of the" municipal court judge to assess "the credibility of the witnesses." <u>State v. Johnson</u>, 42 <u>N.J.</u> 146, 157 (1964). Once again, the State must carry the burden of proof . . . beyond a reasonable doubt. <u>See</u> <u>State v. Kuropchak</u>, 221 <u>N.J.</u> 368, 382 (2015); <u>State v. Snyder</u>, 337 <u>N.J. Super.</u> 59, 61-62 (App. Div. 2001).
>
> [<u>Robertson</u>, <u>supra</u>, 228 <u>N.J.</u> at 147-48.]

Recently, the Court also clarified the methodology used to "determin[e] what constitutes the 'same offense' for purposes of double jeopardy." <u>State v. Miles</u>, ____ <u>N.J.</u> ____, ____ (2017) (slip op. at 2). The defendant in <u>Miles</u> was arrested for selling marijuana to an undercover police officer. <u>Ibid.</u> He was charged "in a warrant complaint" with possession of marijuana with intent to distribute, <u>N.J.S.A.</u> 2C:35-5(b)(12), and possession of marijuana with intent to distribute on or within 1000 feet of a school property, <u>N.J.S.A.</u> 2C:35-7. <u>Ibid.</u> In a separate municipal

summons, the defendant was also charged with the disorderly persons offense of possession of fifty grams or less of marijuana, N.J.S.A. 2C:35-10(a)(4). Ibid. All of these charges arose from the same core facts: the incident involving the undercover police officer. Ibid.

After the Grand Jury returned an indictment charging defendant with the offenses contained in the warrant complaint in the Superior Court, the municipal court amended the disorderly persons possession offense to loitering to possess marijuana, N.J.S.A. 2C:33-2.1(b)(1). Id. at 3. The defendant pleaded guilty to the amended charge in the municipal court and moved to dismiss the indictment pending in the Superior Court on double jeopardy grounds. Id. at 4. The defendant argued "that prosecution on the possession charges was barred because he had already pled guilty to an offense that arose from the same conduct." Ibid.

In rejecting the defendant's argument, our Supreme Court adopted the United States Supreme Court's "same-elements test" expressed in Blockburger v. United States, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), for determining whether a second prosecution based on the same facts is barred by the Fifth Amendment's Double Jeopardy Clause. State v. Miles, supra, slip op. at 2. The Miles Court quoted directly from the United States

Supreme Court in <u>Blockburger</u> to provide the following description

of the "same-elements" test:

> [W]here the same act or transaction
> constitutes a violation of two distinct
> statutory provisions, the test to be applied
> to determine whether there are two offenses
> or only one, is whether each provision
> requires proof of a fact which the other does
> not." In other words, if each statute at issue
> requires proof of an element that the other
> does not, they do not constitute the same
> offense and a second prosecution may proceed.
>
> [<u>Id.</u> at 11-12 (quoting <u>Blockburger</u>, <u>supra</u>, 284
> <u>U.S.</u> at 304, 52 <u>S. Ct.</u> at 182, 76 <u>L. Ed.</u> at
> 309).]

In adopting the "same-elements" test in <u>Blockburger</u>, the

<u>Miles</u> Court also reaffirmed the three critical protections

embodied in the Fifth Amendment's double jeopardy clause:

> It protects against (1) "a second prosecution
> for the same offense after acquittal," (2) "a
> second prosecution for the same offense after
> conviction," and (3) "multiple punishments for
> the same offense." <u>North Carolina v. Pearce</u>,
> 395 <u>U.S.</u> 711, 717, 89 <u>S. Ct.</u> 2072, 2076, 23
> <u>L. Ed.</u> 2d 656, 664-65 (1969). Common to all
> three protections is the concept of "same
> offense." Accordingly, a prime concern when
> reviewing a double-jeopardy claim is "whether
> the second prosecution is for the same offense
> involved in the first." <u>State v. Yoskowitz</u>,
> 116 <u>N.J.</u> 679, 689 (1989) (quoting <u>State v. De
> Luca</u>, 108 <u>N.J.</u> 98, 102, <u>cert. denied</u>, 484 <u>U.S.</u>
> 944, 108 <u>S. Ct.</u> 331, 98 <u>L. Ed.</u> 2d 358 (1987)).
>
> [<u>Id.</u> at 11.]

However, the most definitive and clearest explanation for overturning the Law Division's decision in this appeal is found in N.J.S.A. 2C:1-9, which provides in pertinent part:

> A prosecution of a defendant for a violation of the same provision of the statutes based upon the same facts as a former prosecution is barred by such former prosecution under the following circumstances:
>
> a.   The former prosecution resulted in an acquittal by a finding of not guilty by the trier of fact or in a determination that there was insufficient evidence to warrant a conviction.  A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the conviction is subsequently set aside.

[(Emphasis added).]

Here, defendant Groething was acquitted by the Jersey City Municipal Court of the disorderly persons offense of simple assault, N.J.S.A. 2C:12-1a(1).  The municipal court found him guilty of the lesser included offense of engaging in a "fight or scuffle entered into by mutual consent," a petty disorderly persons offense under N.J.S.A. 2C:12-1a(3).  The Law Division Judge found Garret not guilty of committing the petty disorderly persons offense of fighting under N.J.S.A. 2C:12-1a(3) because he did not give his consent.  Without the element of "consent," the Law Division Judge reasoned, the State did not prove, beyond a

reasonable doubt, that Garret was guilty of fighting under N.J.S.A. 2C:12-1a(3).

This reasoning also leads to one inexorable conclusion: Groething is also not guilty of fighting under N.J.S.A. 2C:12-1a(3). As defined under N.J.S.A. 2C:12-1a(3), mutual consent is an indispensable element of this petty disorderly persons offense. The Law Division Judge assumed that finding Garret not guilty for lack of consent axiomatically empowered her to vacate the municipal court's judgment finding Groething not guilty of simple assault. The Law Division Judge was incorrect in this assumption. Once the municipal court acquitted Groething of simple assault, he cannot again be placed in jeopardy of being convicted for this offense. State v. Miles, supra, slip op. at 11-12, 16; N.J.S.A. 2C:1-9a.

Defendant's judgment of conviction for the disorderly persons offense of simple assault, N.J.S.A. 2C:12-1a(1), is vacated and the matter is remanded to the trial court to enter a judgment of acquittal consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION