**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5271-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ELIAS GUZMAN, III,

     Defendant-Appellant.

_____

Argued January 9, 2020 – Decided June 9, 2020

Before Judges Nugent and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 31-2017.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Matthew Whalen Reisig, on the brief).

Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney; Patrick F. Galdieri, II, of counsel and on the brief).

PER CURIAM

Defendant, Elias Guzman III, appeals the Law Division's denial on trial de novo of his motion to dismiss his motor vehicle summons for driving while intoxicated, a charge to which he conditionally pled guilty. He argues a single point:

> THE DEFENDANT'S MOTOR VEHICLE SUMMONS SHOULD BE DISMISSED BY THE APPELLATE DIVISION SINCE AN UNAPPOINTED MUNICIPAL PROSECUTOR APPEARED IN THE STATE'S PROSECUTION IN CALENDAR YEARS 2016 AND 2017, RESPECTIVELY.

More specifically, he argues on appeal, as he did in the trial court, the summons should be dismissed because an unappointed associate of the duly appointed municipal prosecutor, not the appointed prosecutor, appeared for seven of the eight municipal court proceedings that culminated in his guilty plea. Because the remedy of dismissal is unprecedented and unwarranted, and because defendant seeks no other remedy, we affirm the Law Division order denying defendant's motion.

The facts are not in dispute. Early on a May morning in 2014, following a traffic stop, a North Brunswick Township police officer issued four summonses to defendant and charged him with driving while intoxicated (DWI),

N.J.S.A. 39:4-50, reckless driving, N.J.S.A. 39:4-96, speeding, N.J.S.A. 39:4-98, and failure to exhibit his registration, N.J.S.A. 39:3-29. The parties appeared in North Brunswick Municipal Court eight times between February 29, 2016, and November 30, 2017, for hearings and oral arguments on various motions and a partial trial.[1]

During the second day scheduled for trial, defendant orally moved to dismiss the summonses. He argued that David A. Lonski, who had been duly appointed by the municipal governing body in 2016 and 2017 as the municipal court prosecutor, had appeared in only one municipal court proceeding concerning the motor vehicle summonses. Lonski's associate at Shamy, Shipers & Lonski, P.C., Robert J. MacNiven, who had not been appointed as an additional municipal court prosecutor by the governing body, appeared during the other proceedings.

Before court was adjourned, defendant entered a conditional guilty plea to the DWI charge, and the judge dismissed the other summonses. Sentencing defendant as a second offender, the judge suspended his driver's license for two

_____

[1] The record does not explain the delay between defendant's arrest and the first municipal court hearing. The municipal court trial was delayed when the Law Division granted and resolved defendant's interlocutory appeal of an order denying a motion unrelated to the issue now before us.

A-5271-17T4

years, ordered him to complete thirty days of community service, and ordered him to attend an Intoxicated Driver Resource Center for forty-eight hours. The judge also ordered defendant to install an ignition interlock device in his automobile and maintain it for two years after his license was restored. Last, the judge imposed statutorily mandated fines, penalties, and assessments. The judge later denied defendant's motion to dismiss, and defendant filed a notice of appeal to the Law Division, where his motion was denied again. This appeal followed.

The Legislature has declared that "[e]ach municipal court in this State shall have at least one municipal prosecutor appointed by the governing body of the municipality, municipalities or county in accordance with applicable laws, ordinances and resolutions." N.J.S.A. 2B:25-4(a). The Legislature has also authorized the appointment of more than one municipal prosecutor: "a municipality may appoint additional municipal prosecutors as necessary to administer justice in a timely and effective manner in its municipal court." N.J.S.A. 2B:25-4(e).

In addition to these statutes, defendant based his motion on the following relevant, undisputed facts. On January 1, 2016, in a duly adopted resolution, the Township Council of the Township of North Brunswick "authorize[d] the Mayor

to execute and the Township Clerk to witness an agreement with David P. Lonski of the firm Shamy, Shipers & Lonski, PC to serve as municipal prosecutor for calendar year 2016 . . . ." On January 2, 2017, the council adopted a resolution with identical wording.

The "Professional Services Contract" for 2016 identified the parties as the Township and "Shamy, Shipers & Lonski, PC," but authorized the Mayor to execute the agreement with "David P. Lonski of the firm Shamy, Shipers & Lonski, PC." The 2017 professional services contract identified the parties as the Township and "David P. Lonski of the firm Shamy, Shipers & Lonski, PC" and authorized the mayor to execute the contract "with David P. Lonski of the firm Shamy, Shipers & Lonski, PC."

Based on an application of statutory construction rules, the Law Division judge determined that the statutes pertaining to municipal court prosecutors permitted municipalities to appoint law firms as prosecutors. Acknowledging "the wording of the resolution[s] and contract[s] are not as precise as one would hope," the judge nonetheless determined the intent of the resolutions and contracts was to appoint the law firm, not an individual within the firm, as the municipal prosecutor. The court found that language in the contracts that permitted the prosecutor to "secure any and all Professional, technical and non-

technical staff which may from time to time be necessary" also suggested the Township "envisioned prosecutorial staff beyond just Lonski."

We agree with the Law Division judge's conclusion, albeit not necessarily his reasoning, that defendant was not entitled to have the charges against him dismissed because they were prosecuted in municipal court by a professional not expressly appointed as a municipal prosecutor by the governing body. "[I]t is well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001). Defendant has cited no authority, and we can conceive of no justification, for imposing dismissal as a remedy for municipal charges being prosecuted by a professional not duly appointed by the municipality.

Dismissal, rather than a new trial, is a rare remedy. For example, N.J.S.A. 2C:1-1(c) provides that a court shall dismiss a case pending or initiated after the effective date of the New Jersey Code of Criminal Justice if the offense was committed prior to the effective date and is no longer an offense under the code. Cases may also be dismissed on double jeopardy grounds. N.J. Const. art. I, ¶ 11. In contrast, even in cases involving structural error, the remedy is not generally dismissal, but rather a retrial or remand for further proceedings. See

e.g. United States v. Gonzalez-Lopez, 548 U.S. 140, 150, 152 (2006) (holding erroneous deprivation of counsel of choice is a structural error not subject to harmless-error analysis, and affirming judgment reversing defendant's conviction and remanding for new trial); State v. Kates, 216 N.J. 393, 397 (2014) (explaining that summary denial of defendant's request for an adjournment to obtain counsel of choice amounts to structural error and requires a new trial). Significantly, in a case in which we held that a defendant's municipal court conviction was void ab initio because he was prosecuted by a private attorney who had not complied with Supreme Court requirements established in State v. Storm, 141 N.J. 245 (1995), we reversed and remanded for a new trial. State v. Myerowitz, 439 N.J. Super. 341, 345, 359 (App. Div. 2015). We did not dismiss the charges against the defendant.

Here, defendant was not convicted at a municipal court trial. Rather, he entered a guilty plea to DWI. He has not challenged his plea or asked that it be set aside so that he can proceed to trial. Rather, the sole remedy he seeks is dismissal of the DWI charge. That remedy is unprecedented and unwarranted. Accordingly, we affirm his conviction and sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7